JUSTICE LEAPHART,
specially concurring.
I concur in the opinion of the Court. I write separately with regard to Instruction No. 10 regarding the jury’s consideration of evidence of flight by the defendant. The defendant has argued that this instruction is an improper comment upon the evidence and should not be given. He cites a number of federal authorities in support of his argument.
I agree with the Court that Instruction No. 10 is a proper statement of the law under existing precedent. State v. Hurlbert (1988), 756 P.2d 1110, 232 Mont. 115. Furthermore, the circumstantial evidence in this case was so overwhelming that a different instruction on flight would not have made a difference in the outcome.
However, Ido think that the Court should re-examine the propriety of giving an instruction on flight. I think there is considerable merit to the views expressed by the Committee' drafting the Ninth Circuit Model Jury Instructions. That Committee expresses the view that instructions on particular kinds of evidence should be avoided as much as possible. “Aside from being unnecessary, instructions on particular inferences are undesirable in that they tend to inject argument into the judge’s charge and lengthen it unnecessarily.” Ninth Circuit Model Jury Instructions (West 1995), at 49. The Committee recommends against giving instructions such as those dealing with flight, resistance to arrest, missing witness, failure to produce evidence etc.
As the Seventh Circuit stated in United States v. Jackson (1978), 572 F.2d 636, 639-40:
[T]he probative value of flight as circumstantial evidence of guilt depends on the degree of confidence with which four inferences can be drawn: (1) from the defendant’s behavior to flight; (2) from flight • to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. The court also noted that
*293 [t]he use of evidence of flight has been criticized on the grounds that the second and fourth inferences are not supported by common experience and it is widely acknowledged that evidence of flight or related conduct is “only marginally probative as to the ultimate issue of guilt or innocence.”
Id. [citations omitted]. Indeed, the Supreme Court has expressed its lack of confidence in the probative value of flight evidence. In Wong Sun v. United States, 371 U.S. 471 483 n. 10, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963), the Court remarked that
we have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime. In Alberty v. United States, 162 U.S. 499, 511, 16 S.Ct. 864, [868], 40 L.Ed. 1051 this Court said: “ ... it is not universally true that a man, who is conscious that he has done a wrong, ‘will pursue a certain course not in harmony with the conduct of a man who is conscious of having done an act which is innocent, right and proper;’ since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses.. Nor is it true as an accepted axiom of criminal law that ‘the wicked flee when no man pursueth, but the righteous are bold as a lion.’ ”
In light of this doubt as to the probative value of flight evidence, we are of the opinion that although its use may be proper in many cases, its admission, especially followed by a jury instruction, should be regarded with caution.
Although the State can argue the issue of flight, for the reasons set forth above, I question whether it is appropriate to have the court comment upon flight evidence in its charge to the jury.